UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSICA LEIGH COLLINS,<br><br>   *Plaintiff*,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>   *Defendant*. | Civil Action No. 25-cv-228 (RDM) |

**MEMORANDUM OPINION**

  Plaintiff Jessica Leigh Collins, proceeding *pro se*, brings this action against the United States to "address its sex trafficking and racketeering in conspiracy with Jeffrey Epstein and high ranking Officials for The United States of America." Dkt. 1 at 7 (Compl.). The 142-page complaint alleges a vast human-trafficking conspiracy and cover-up involving numerous public figures, including Joe Biden, John McCain, Alec Baldwin, Mark Zuckerberg, and Julian Assange, among others. *See id.* at 22 (Compl. ¶ 33). Plaintiff explains that she is "suing the United States of America because Federal Officials trafficked [her] and [her] daughter." *Id.* at 23 (Compl. ¶ 35). Plaintiff alleges that "Federal Officials" violated her constitutional rights, as well as various federal criminal and civil rights laws. *See id.* at 23 (Compl. ¶ 36).

  Where, as here, the plaintiff is proceeding *pro se*, the Court will hold her pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint

contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of res judicata applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

   Plaintiff's complaint fails to comply with the minimal pleading standard set forth in Rule 8(a).  The complaint and its exhibits span 142 pages.  *See generally* Dkt. 1 (Compl.).  Plaintiff alleges violations of her constitutional and statutory rights, but her allegations are vague and cryptic.  She alleges, for example, "deliberate torment," "Treason of Presidents," and that the "U.S. Government, through manipulation and direct action, has worked with private corporations . . . to unlawfully suppress [Plaintiff's] First Amendment rights." *Id.* at 31, 34 (Compl. ¶¶ 58–59, 67).  Plaintiff provides no intelligible information about when or where these events occurred.

   The trial court, moreover, has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible.  *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  And "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984); *cf. Anders v. California*, 386 U.S. 738 (1967) (defining frivolous appeal as one without "arguable" merit).  The Court may *sua sponte* dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) where "it is patently obvious" that the plaintiff cannot "prevail[] on the facts alleged in his complaint."  *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990); *see also Strunk v. Obama*,

880 F. Supp. 2d 1, 3 (D.D.C. 2011).  Having reviewed Plaintiff's complaint, the Court concludes that it lacks an arguable basis in law or fact and should be dismissed.

      For the reasons stated, the Court will dismiss Plaintiff's complaint.  A separate order shall issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  February 3, 2025